[No. 19909. Department One. June 4, 1926.]

Ed Harris, *Respondent*, v. N. D. Christie, *Appellant.*[1]

[1] Damages (113)—Evidence—Loss of Profits. Damages for the loss of the use of a fishing boat are speculative and cannot be sustained on evidence that the use of the boat was worth fifteen to twenty dollars a day during the fishing season, where there was no evidence that the fishing season was on at the time or that there was any reasonable expectancy of success in the enterprise.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered September 15, 1925, upon findings in favor of the plaintiff, in an action for damages for breach of contract of sale. Modified.

*S. F. McAnally,* for appellant.

Askren, J.—Respondent brought this action to recover damages by reason of a contract of warranty, given by appellant in the purchase of a marine engine. Damages were claimed for the purchase price, the cost of installation, and loss of time. After hearing, the court gave judgment in respondent's favor in the sum of $315.

Appellant attacks the decision of the trial court on several grounds. The first is, that it was understood by all the parties to the same that the engine was second-hand, and, therefore, there was no warranty. Without detailing the evidence, it will suffice to say that the preponderance of the evidence shows that there was an express warranty of the engine, and that, because of defects therein, it would not perform the work for which it was purchased.

[1] Appellant objects to the various amounts awarded as damages. The court, in making the allow-

ance for damages, segregated it, as near as can be determined, as follows: forty dollars spent for installation of the engine in respondent's boat; one hundred and sixty dollars damages for loss of time; and one hundred and fifteen dollars, as being the difference between the value of the engine as warranted and as it proved to be.

The evidence showed that respondent gave a gun to the mechanic who installed the engine. The testimony of the mechanic who received the gun was that he sold it for eight dollars. There is no further testimony in this connection, and nothing to indicate that the price received for the gun was adequate. The court had a right to believe the testimony of the witness, who testified that its value was thirty-five dollars. There appears, therefore, to be a discrepancy of five dollars on this item. This amount would not be sufficient to reverse the judgment, but there is another claimed error that, we think, requires consideration.

Approximately fourteen days were spent in endeavoring to install the engine, and get it in working condition. The boat was to be used as a fishing boat, and the only testimony regarding the value of the time, or the use of the boat, is contained in the following evidence:

"Q. As to you—what you make when you are fishing, Mr. Rainey, can you tell anything in regard to that? A. When you are fishing, if you have—it is hard to say what you will make; you may have good luck, and you may have bad luck. Your purse may work all right, and may not. Boats of that size, with two men who are willing to get out there and stand a little rough weather and work hard, there is no reason why they couldn't make from fifteen to twenty dollars a day. Q. That is, during the fishing season? A. Yes, sir."

It will be seen, that there is an absence of testimony that the fishing season was then on, or any evidence

as to damages, that would make them anything more than of a speculative nature. There was no evidence that, at the time in question, or at the place where this boat was intended to be used for fishing purposes, there was any reasonable expectancy of success in the enterprise. Therefore, we hold this to be too speculative to allow recovery thereon.

Appellant also insists, that there was no evidence to justify the court in holding that the engine, which failed to meet the requirements of the warranty, was worth only fifty dollars. But respondent, in open court, offered to return the engine to appellants upon the payment of the damages awarded by the court, and the evidence established very clearly that it was practically of no value.

We conclude therefrom, therefore, that the judgment of the trial court should be modified by striking therefrom one hundred sixty-five dollars, leaving a judgment for one hundred fifty dollars.

It is so ordered.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.